WILLIAM METCALF *vs.* WILLIAM P. PUTNAM & wife.

If the grantor in a deed has orally agreed to warrant that a tract of land therein conveyed should amount to seven acres, or, if it should fall short, to pay for the deficiency at a certain rate per acre, and a deed is accordingly prepared for him to execute, containing a covenant to warrant the land to contain seven acres, or, if it should fall short, to refund to the grantee in proportion to the quantity and price, and the grantor fraudulently erases the whole of the covenant, and delivers the deed to the grantee without informing him of the erasure, and thereby deceives him, a bill in equity lies to reform the deed by inserting the covenant agreed upon.

BILL IN EQUITY, alleging, among other things, that the plain tiff bargained with the defendants for the purchase of certain land with the buildings thereon, for the sum of $2000; that a certain portion of the land was represented by the defendants to contain seven acres, and they agreed to warrant that the same did contain seven acres, and to insert a covenant to that effect in their deed, and that in case the same should fall short they would bind themselves to pay the plaintiff damages for the deficiency; that a deed containing such a covenant was prepared, and the defendants fraudulently erased the covenant and delivered the deed to the plaintiff, and represented to him that it was executed as originally drawn, and the plaintiff accepted the same in ignorance of the erasure, and paid therefor in money and notes secured by mortgage, as agreed between them. The prayer was, that the deed, mortgage and notes might be set aside and cancelled, and the defendants ordered to refund the money received by them, with interest, and for other relief.

The defendants in their answer denied that they ever agreed to put in their deed such a covenant as alleged; admitted the erasure of the covenant from the deed which they executed; and denied that the plaintiff was entitled to equitable relief.

At the trial in this court, before the chief justice, the following issues were presented to the jury: "1. Was there such an agreement as is alleged in the bill, as to the quantity of land which by agreement of the parties was to be inserted in the deed ? 2. Was the warranty inserted in the deed and erased therefrom, and the plaintiff deceived and defrauded thereby, as is alleged ? " To both of these inquiries the jury answered "Yes." The covenant inserted in the deed, and erased by the defendants, was as follows : " Also the grantors agree to warrant the last tract to contain seven acres ; if it fall short of seven acres the grantors for the consideration aforesaid agree to refund to the grantee in proportion to the quantity and price." There was evidence tending to show that the agreement relied upon by the plaintiff was, that the defendants would pay to the plaintiff for the deficiency, if any, at the rate of one hundred dollars pe. acre ; and it appeared that the land measured only five acres

and eighty-four rods. The defendants requested the court to rule that if the agreement was as the evidence tended to show, the plaintiff could not recover ; but the chief justice instructed the jury that if they were satisfied that the agreement was that the defendants would warrant the land to contain seven acres, they should find for the plaintiff on the first issue, although they should not find that it was agreed that the land should be valued at one hundred dollars, and, if it fell short of that quantity, that a deduction from the price should be made at that rate.

The case was reserved by the chief justice for the determination of the whole court.

*G. F. Hoar,* for the plaintiff, cited *Park* v. *Johnson,* 4 Allen, 259, and cases cited.

*G. F. Verry,* for the defendants. A court of equity will not set aside a contract, when they can make it conform to the intent of the parties. Story on Eq. §§ 151–154. The defendants were not bound to enter into the covenant contained in the deed, because it was not in conformity to their agreement. For a breach of the agreement which they did make, the plaintiff has an adequate remedy at law. *Pool* v. *Lloyd,* 5 Met. 525. *Haycock* v. *Rand,* 5 Cush. 26. *Daggett* v. *Daggett,* 8 Cush. 520. *Kelly* v. *Solari,* 9 M. & W 54.

BIGELOW, C. J. Upon the finding of the jury, the plaintiff is clearly entitled to equitable relief. The gist of the case as alleged in the bill is, that the defendants agreed to insert in the deed from them to the plaintiff a covenant that the land conveyed contained seven acres, and, if it fell short of that quantity, that they would make good the deficiency ; that a deed was drawn containing such a covenant, and that the defendants erased it fraudulently and without the plaintiff's knowledge, and induced him by false representations to accept the deed in the belief that the clause as originally inserted was embraced in the conveyance as executed and delivered by them. The jury by an affirmative answer to the first issue which was put to them, have found these allegations to be true. It is a palpable case of fraud. It is quite immaterial that the covenant, as

drawn by the scrivener, was defective in omitting the rate at which the land was to be estimated by the acre in order to ascertain the sum which was to be paid in case it fell short of the stipulated quantity. This omission did not justify the defendants in erasing the whole clause ; nor does it constitute any answer to the fraudulent acts and representations, by which they induced the plaintiff to accept the deed which they delivered to him as containing full and complete written evidence of their contract, although it wholly omitted a material stipulation. The defendants do not deny that the deed is defective, and that it fails to express the true agreement of the parties. The jury have found that this defect and omission are owing to the fraud of the defendants. Upon elementary principles, the plaintiff is entitled to have his deed reformed so that it may truly set forth the whole contract, and that the plaintiff may thus obtain the means of redressing the wrong which the fraudulent acts of the defendants have occasioned. That such redress could not be had at law is too clear to admit of debate. The plaintiff could not, in an action at law for a breach of the alleged agreement, introduce parol evidence to prove it. He would be shut out of such proof by the rule that oral evidence is inadmissible to add to or vary a written contract. It would thus be said that the oral contract was merged in the deed. But equity furnishes relief in such cases, which the law is inadequate to afford. Upon proof of fraud in the omission of material stipulations in a written contract, a court of equity will admit parol evidence to establish the agreement as it was understood and concluded between the parties, and, after reforming the contract according to the truth, will proceed to enforce it. *Dwight* v. *Pomeroy,* 17 Mass. 303, 325. 1 Story on Eq. §§ 153, 155, 157.

The instruction asked for by the defendants was rightly refused. The whole issue was, whether the agreement concerning the quantity of land was fraudulently erased from the deed, and the plaintiff thereby deceived and defrauded. The subject of damages was not open. It was wholly immaterial to the inquiry before the jury to ascertain the mode in which the

damages were to be estimated, in case the deed should be reformed. That was a matter for subsequent determination by the court. *Decree for the plaintiff.*